**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIA CASTRO,, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Commissioner of the Social Security Administration, <br><br> Defendant. | Case No. CV 13-07699 SS <br><br><br> **MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

Julia Castro ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying her Disability Insurance Benefits and Supplemental Security Income. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is

REVERSED and the action is REMANDED for further review consistent with this decision.

## II.

## PROCEDURAL HISTORY

Plaintiff filed applications for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") on October 30, 2009. (Administrative Record ("AR") 28). In both applications, Plaintiff alleged a disability onset date of October 30, 2006. (Id.). The Agency denied Plaintiff's applications on March 18, 2010, (AR 48), and upon reconsideration on November 10, 2010. (AR 55). On November 24, 2010, Plaintiff requested a hearing before an Administrative Law Judge. (AR 62). Plaintiff appeared and testified at a hearing before ALJ Edward Schneeberger on September 7, 2011. (AR 484). On September 12, 2011, the ALJ issued a decision denying Plaintiff DIB and SSI. (AR 22-33). Plaintiff requested review of the ALJ's decision, which the Appeal's Council denied on August 21, 2013. (AR 6). Plaintiff filed the instant action on October 29, 2013.

## III.

## PLAINTIFF'S CLAIMS

Plaintiff challenges the ALJ's decision on two grounds. First, Plaintiff argues that the ALJ erred at step four of the five-step disability evaluation process by concluding that she

could perform her past relevant work as typically performed in the national economy despite lacking the English language skills necessary for such work. (Memorandum in Support of Plaintiff's Complaint ("MSPC") at 4-9). Second, Plaintiff contends that the ALJ failed to properly evaluate her subjective pain testimony. (AR 10-16). For the reasons discussed below, the Court agrees with Plaintiff that the ALJ erred at step four of the five-step evaluation process, and remand is therefore proper.

## IV.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001). "Substantial evidence is more than a scintilla, but less than a preponderance." Reddick v. Chater, 157 F.3d 715, 720 (1998). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support affirming or reversing that conclusion, the court may not substitute its

judgment for that of the Commissioner. <u>Reddick</u>, 157 F.3d at 720-21.

**V.**

**DISCUSSION**

**The ALJ Erred At Step Four By Failing To Consider Plaintiff's Lack Of English Language Skills In Determining Whether She Could Perform Her Past Relevant Work**

**1.   Legal Standard**

At step four of the five-step disability evaluation process, "claimants have the burden of showing that they can no longer perform their past relevant work." <u>Pinto v. Massanari</u>, 249 F.3d 840, 844 (9th Cir. 2001). A claimant must demonstrate that she cannot perform her relevant prior work "either as actually performed or as generally performed in the national economy." <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th Cir. 2002). "Although the burden of proof lies with the claimant . . . , the ALJ still has a duty to make the requisite factual findings to support his conclusions." <u>Id.</u>; <u>see also</u> <u>Carmickle v. Comm'r, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1167 (9th Cir. 2008). An ALJ must therefore look at a claimant's RFC and the physical and mental demands of the claimant's past relevant work in reaching a decision at step four. <u>Pinto</u>, 249 F.3d at 845.

\\
\\

"The Social Security regulations provide that the ALJ may draw on two sources of information to define the claimant's past relevant work as actually performed: (1) the claimant's own testimony, and (2) a properly completed vocational report." Lewis, 281 F.3d at 1083. However, the "best source" for how a job is generally performed is usually the Dictionary of Occupational Titles ("DOT"). Pinto, 249 F.3d at 845-46. Thus, in order for an ALJ to accept testimony from a vocational expert ("VE") that contradicts the DOT's definition of a job, "the record must contain 'persuasive evidence to support the deviation.'" Id. at 846 (citing Johnson v. Shalala, 60 F.3d 1428, 1435 (1995)).

**2. Analysis**

The ALJ found that Plaintiff was capable of performing her past relevant work as a child monitor and home attendant. (AR 32). Relying on VE testimony and the DOT, the ALJ provided the following explanation of his decision:

> At the hearing, the vocational expert testified that the claimant had past relevant work as follows: child monitor, which the [DOT] describes as medium, semi-skilled work (D.O.T. 301.677-010, SVP:3); and home attendant, which the [DOT] describes as medium, semi-skilled work (D.O.T. 354.377-014, SVP:3). The vocational expert noted that as performed by the claimant, the job of home attendant required heavy

5

>level exertion. However, the vocational expert clarified that this job is typically performed at the medium level. The Administrative Law Judge therefore finds that it is a medium job.
>
>Further, the vocational expert testified that a hypothetical person with the residual function capacity assessed herein could perform the claimant's relevant work as usually performed in the national economy. Thus, the Administrative Law Judge concurs and finds that the claimant can perform both jobs classified as the claimant's past relevant work.

(AR 32).

In sum, the ALJ found that Plaintiff could not perform her past relevant work as a home attendant as that work was actually performed, i.e., at the heavy level of exertion. (AR 31-32, 489). However, based on the VE's testimony and the DOT definition of home attendant work, the ALJ concluded that the Plaintiff could work as a home attendant as that job is typically performed in the national economy, i.e., at the medium level of exertion.[1]

\\

---

[1] The ALJ found that Plaintiff had the residual functional capacity to perform "the full range of medium work as defined in 20 C.F.R. [§§] 404.1576(c) and 416.967(c), including the following: able to lift 25 pounds frequently and 50 pounds occasionally; and able to stand and/or walk six hours in an eight-hour workday." (AR 31).

6

Plaintiff argues that this decision was erroneous because she lacked the requisite language skills to engage in work as a home attendant as that job is defined in the DOT. (MSPC at 4). The DOT, which is part of the record for review in Social Security cases, see, e.g., Pinto, 249 F.3d at 845-46; 20 C.F.R. § 404.1566(d), provides that a home attendant must have Level 2 language skills, which include a passive vocabulary of 5,000-6,000 words, the ability to write compound and complex sentences, and the ability to speak clearly and distinct with appropriate pauses and emphasis, correct punctuation, variations in word order, using present, perfect and future tenses. See D.O.T. 354.377-014.[2] The Administrative Record is replete with evidence that Plaintiff, who used an interpreter to communicate during her hearing before the ALJ, (AR 486), is a native Spanish speaker who does not possess Level 2 English language skills. (See AR 24-27, 69-73, 204-05, 256, 262, 286, 293, 306, 311, 317, 326, 332, 336, 344, 373, 379, 445, 489-90). Plaintiff is therefore correct that pursuant to the DOT, she lacked the necessary skills for home attendant work as it is typically performed.

Despite the divergence between Plaintiff's abilities and the requirements for home attendant work found in the DOT, the ALJ, relying on the VE's testimony, found that Plaintiff was capable of performing her past relevant work as a home attendant. (AR

---

[2] Although the DOT does not specify that an individual must be able to perform these functions in English, the Ninth Circuit has recognized that such a reading "is the most persuasive" interpretation of the dictionary's job requirements. Pinto, 249 F.3d at 844 n.2 (citing DOT Appendix C and 20 C.F.R. §§ 416.964(b)(5), 404.1564(b)(5)).

7

32). However, "[i]n order for an ALJ to accept vocational expert testimony that contradicts the [DOT], the record must contain 'persuasive evidence to support the deviation.'" Pinto, 249 F.3d at 846; see also Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007) (ALJ may not rely on VE testimony regarding requirements of a particular job without first inquiring whether the testimony conflicts with the DOT). Specifically, where an ALJ relies on a job description in the DOT with language requirements exceeding those possessed by the claimant, the ALJ or VE must address the impact of the claimant's language skills on her ability to perform that work. See Pinto, 249 F.3d at 847.[3]

Here, neither the ALJ not the VE explained how Plaintiff's limited language abilities impacted her ability to perform home

---

[3] Although the ability to communicate encompasses skills "that Social Security Rule No. 96-8P requires an ALJ to consider [at step four]," the Ninth Circuit in Pinto declined to reach the question of whether language skills may properly be considered at step four of the disability evaluation process. See Pinto, 249 F.3d at 846 n.5 (citing conflicting authority). However, because the ALJ in Pinto acknowledged the plaintiff's illiteracy but failed to take the next step in the analysis, i.e., to actually address "the impact of [the plaintiff's] illiteracy" on her ability to perform her past relevant work, the court of appeals remanded the case for further consideration. Id. at 846 n.5, 847.

Here, the ALJ questioned Plaintiff regarding her educational background and observed that she used an interpreter during her hearing. (AR 486, 489-90). The ALJ asked the VE, who was present for Plaintiff's testimony, if he had reviewed the record, which, as discussed above, contained ample evidence that Plaintiff lacked English language skills. (AR 494). It is true that the ALJ did not expressly reference Plaintiff's language limitations in the RFC or during the hearing. However, the Court does not read Pinto as permitting an ALJ who recognizes a claimant's language limitations to insulate his step four decision from review by omitting from his analysis any express discussion of manifest language limitations.

8

attendant work that, as typically performed in the national economy, requires Level 2 language skills. Because the ALJ's decision lacked a persuasive explanation as to why Plaintiff could perform work requiring skills exceeding those that she possessed, the Court cannot affirm the ALJ's step four determination. Furthermore, it is not clear from the ALJ's decision whether he determined that Plaintiff was capable of performing her past relevant work as a child monitor as actually performed or as usually performed. To the extent the ALJ found the latter, the record lacks any discussion concerning how Plaintiff's limited language skills impacted her ability to perform such work, which, per the DOT, also requires Level 2 language skills. See D.O.T. 301.677-010.

Accordingly, this matter is remanded for clarification regarding (1) how Plaintiff's language skills impact her ability to perform her past relevant work as a home attendant as typically performed, and (2) whether Plaintiff is able to perform her past relevant work as a child monitor as actually performed or as typically performed. If the ALJ concludes that Plaintiff is capable of performing her past relevant work as a child monitor as typically performed, he must address how Plaintiff's language skills impact her ability to perform this work.
\\
\\
\\
\\
\\

# VI.

# CONCLUSION

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Memorandum and Order. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and Judgment on counsel for both parties.

DATED: June 27, 2014

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED OR SUBMITTED TO ANY ONLY SERVICE SUCH AS WESTLAW OR LEXIS**